UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| **RAYMOND CLARK,** | ) | Case No. CV 17-3002-MWF(AJW) |
| Petitioner, | ) ) | |
| | ) | MEMORANDUM AND ORDER |
| v. | ) | DISMISSING PETITION |
| | ) | |
| **WARDEN,** | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner was convicted of first degree burglary and was sentenced to state prison for a term of nine years. [Petition at 2]. His petition for a writ of habeas corpus was transferred to this Court. For the following reasons, the petition is subject to summary dismissal.[1]

Although the petition indicates that it challenges petitioner's 2013 conviction [Petition at 2], it does not actually raise any claim relevant to that conviction. Instead, the sole claim alleges: "Obstruct & Impede the due administration of justice." [Petition at

---

[1] Rule 4 of the Rules Governing Section 2254 Cases provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition ...."

6]. In support of his claim, petitioner writes, "see attached." The attached documents consist of state court petitions for a writ of mandate, in which petitioner complains that the state court of appeal violated various California laws. [See Petition, Attached Exhibits].

Federal habeas corpus relief is available only when a petitioner has been convicted or sentenced in violation of the Constitution, laws, or treaties of the United States; it is not available for errors in the interpretation or application of state law. Swarthout v. Cooke, 562 U.S. 216, 219 (2011); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Petitioner does not allege that he has been deprived of any federally protected right. Instead, his claim is based solely upon alleged errors of state law. To the extent that petitioner complains of alleged errors during state court collateral proceedings, such claims do not attack the proceeding that resulted in his custody and are not cognizable under 28 U.S.C. § 2254. Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997) (alleged errors in the state post-conviction collateral review process are not a basis for federal habeas corpus relief), cert. denied, 525 U.S. 903 (1998); Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir.) (per curiam) (same), cert. denied, 493 U.S. 1012 (1989). As a result, the petition fails to state a claim for habeas corpus relief.

Even if petitioner's allegations were construed as raising a federal claim, no such claim has been exhausted. A state prisoner is required to exhaust all available state court remedies before a federal court may grant habeas corpus relief. See 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). It is evident from the face of the petition that petitioner has not exhausted his claim. [See Petition at 6].

For the foregoing reasons, the petition for a writ of habeas corpus is dismissed without prejudice.

**It is so ordered.**

Dated: December 20, 2017

_____
Michael W. Fitzgerald
United States District Judge